UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY HATELEY,<br><br>    Plaintiff,<br><br>    v.<br><br>FORD MOTOR COMPANY,<br><br>    Defendant. | Case No. 23-cv-00790-EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Docket No. 19 |

In December 2022, Plaintiff initiated this suit, asserting claims for breach of warranty under the Song-Beverly Act. In September 2023, the case settled after Plaintiff accepted a Rule 68 offer made by Defendant. The Rule 68 offer left open the issue of attorneys' fees and costs to be litigated, with Plaintiff (in essence) being deemed the prevailing party. Under the Song-Beverly Act, if the buyer prevails,

> the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action.

Cal. Civ. Code § 1794(d) (emphasis added). In other words, the statute "requires the trial court to make an initial determination of the actual time expended; and then to ascertain whether under all the circumstances of the case the amount of actual time expended and the monetary charge being made for the time expended are reasonable." *Nightingale v. Hyundai Motor Am.*, 31 Cal. App. 4th 99, 104 (1994). One court has noted that the intent behind the statute is "to make sure attorney fees awards would be based on actual time expended, rather than a percentage of the recovery, so

1  that pursuit of consumer warranty cases would be economically feasible." *Robertson v. Fleetwood*

2  *Travel Trailers of Cal., Inc.*, 144 Cal. App. 4th 785, 819-20 (2006).

3  In the case at bar, Plaintiff seeks: (1) $42,900.50 in fees and (2) $5,756.47 in

4  costs/expenses. Defendant has not challenged the amount of costs/expenses, and the Court also

5  deems such reasonable. The remaining dispute between the parties concerns fees. Defendant

6  argues that Plaintiff should be awarded only $15,310.00 in fees.

7  In assessing the fee request, the Court takes into account both the hourly rates of the

8  attorneys as well as the number of hours incurred. Defendant has contested counsel's hourly rates,

9  but Plaintiff has submitted evidence to support the rates. That evidence includes a fee survey and

10 rulings made by other federal and state courts.[1]

11 As for the number of hours, the Court finds that the bulk of the hours incurred are

12 reasonable. However, as Defendant notes, some of the hours are not warranted – *e.g.*, some

13 (though not all) involve administrative tasks, and some are excessive given the specific work

14 conducted. In addition, the number of timekeepers (five total) is unusual given the relative

15 straightforwardness of this case, and there are some instances in which this staffing has given rise

16 to inefficiencies. Taking into consideration these circumstances, the Court finds is appropriate to

17 take a 10% "haircut" to the fee request. *Cf. Moreno v. City of Sacramento*, 534 F.3d 1106, 1112

18 (9th Cir. 2008) (in civil rights case, stating that "the district court can impose a small reduction, no

19 greater than 10 percent – a 'haircut' – based on its exercise of discretion and without a more

20 specific explanation"). This reduction to the fee request of $42,900.50 results in a fee award of

21 $38,610.45.

22 / / /

23 / / /

24 / / /

---

[1] The Court overrules the relevance objection to the rulings made by other courts. Although Plaintiff has not provided all of the circumstances underlying the other cases, they involve individuals suing motor companies and appear to be lemon-law-type cases as here. To the extent Defendant raises a hearsay objection, it had an opportunity but offered nothing to effectively rebut or impugn the information. The evidence of rates meets the residual exception for hearsay under Federal Rule of Evidence 807.

Accordingly, the Court hereby grants Plaintiff's motion and awards Plaintiff (1) $38,610.45 in fees and (2) $5,756.47 in costs/expenses. The total award is **$44,366.92**.

This order disposes of Docket No. 19.

**IT IS SO ORDERED**.

Dated: June 17, 2024

_____
EDWARD M. CHEN
United States District Judge